IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO.  PJM 15-288 |
| ) | |
| SELVIN RAYMUNDO SALAZAR, ) | |
| AND ) | |
| RAUL ERNESTO LANDAVERDE-GIRON, ) | |
| Defendants ) | |

## GOVERNMENT'S MOTION IN LIMINE-CIVIL JUDGMENT

The Government intends to introduce expert testimony from George Norris, formerly of the Prince George's County Police Department, in reference to MS-13 at the trial of this case. The Government learned that Norris was a party to a civil suit based upon excessive force alleged to have been used by Norris on or about January 6, 1992.  A copy of the complaint filed in the civil suit is attached as Exhibit 1. A civil jury verdict was returned against Norris in the case on June 13, 1997 in the amount of $40,000. A copy of the jury verdict is attached as Exhibit 2.

Under Rule 608(b) of the Federal Rules of Evidence, the Court may, on cross-examination, allow specific instances of conduct on the part of a witness to be inquired into if "probative for the character of truthfulness or untruthfulness."

The judgment against Norris was civil, not criminal, and was based upon the evidentiary standard of preponderance of the evidence, not beyond a reasonable doubt. Further, the judgment is based upon actions that took place over 24 years ago and had nothing to do with MS-13 or Norris' expertise in MS-13.

The 1997 civil judgment against Norris is not probative of his character for truthfulness. The Fourth Circuit has addressed similar issues in the following cases: *United States v. Brown*, 466 Fed. Appx. 298 (4th Cir. 2012) (not published) (law enforcement departmental reprimand not related to officer's truthfulness or pending case); *United States v. Powell*, 86 Fed. Appx. 612, 614-615 (4th Cir. 2002) (not published) (Court's refusal to allow defense to cross-examine deputy sheriff about his termination was not error where personnel file of deputy contained no matters dealing with veracity); and, *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) (not error to prohibit defense from cross-examining government witness about dishonorable discharge from military service). For these and other reasons to be argued at a hearing of this matter, the Government requests that the Court prohibit the defense from inquiring about the 1997 civil judgment during cross-examination, because the judgment is not probative of Norris' truthfulness or veracity.

        Respectfully Submitted,

        Stephen M. Schenning
        Acting United States Attorney

        By: _____/s/_____
           William D. Moomau
           Lindsay Eyler Kaplan
           Assistant United States Attorneys

           Francesca Liquori
           Trial Attorney
           United States Department of Justice
           Organized Crime and Gang Section

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of February 2018, the foregoing Motion in Limine was electronically filed and served upon defense counsel.

_____/s/_____
William D. Moomau
Assistant United States Attorney