# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * Crim. No. **PJM 15-0258** |
| | * |
| **RAUL LANDAVERDE-GIRON** | * |
| Defendant | * |

## MEMORANDUM OPINION

Raul Ernesto Landaverde-Giron has been charged with five felony counts related to his alleged participation in the gang known as *La Mara Salvatrucha* ("MS-13"). Before the Court is the Government's Motion for Pretrial Determination of Authentication of certain Facebook records, pursuant to Federal Rules of Evidence 803(6) and 902(11). ECF No. 200. Landaverde-Giron opposes the Motion. ECF No. 205. For the reasons that follow, the Government's Motion is **GRANTED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2016, a federal grand jury charged Landaverde-Giron and several co-defendants[1] in a Third Superseding Indictment (the "Indictment") with crimes relating to the defendants' participation in MS-13. ECF 105. Specifically, the Indictment charged Landaverde-Giron with: conspiracy to participate in a racketeering enterprise; conspiracy to commit murder in aid of racketeering; murder in aid of racketeering; use, carry brandish, and discharge of a

---

[1] As of February 14, 2018, five of Landaverde-Giron's six co-defendants have pled guilty. Accordingly, the Government's Motion remains relevant only as it pertains to Landaverde-Giron.

firearm during a crime of violence; and murder resulting from the use, carrying, brandishing, and discharging of a firearm during a crime of violence. ECF No. 105.

Following his indictment, Landaverde-Giron, through counsel, filed several motions to suppress various pieces of evidence. Of particular relevance, on March 3, 2017, Landaverde-Giron filed a Motion to Suppress the contents of a Facebook account associated with him that were seized pursuant to a search warrant. ECF No. 125. Following a hearing, the Court denied the motion on March 31, 2017.[2] ECF Nos. 159, 162.

The Government has now filed a Motion seeking a pretrial ruling authenticating these Facebook records pursuant to Federal Rule of Evidence 902(11) (ECF No. 200), which Landaverde-Giron opposes.

## II. LEGAL STANDARD

Federal Rule of Evidence 902(11) authorizes the admission of records into evidence that satisfy the requirements of Rule 803(6)(A)-(C), "as shown by a certification of the custodian." Rule 803(6), in turn, provides that business records are admissible if it is shown by a certification of their custodian that: 1) the records were "made at or near the time by—or from information transmitted by—someone with knowledge"; 2) they were "kept in the course of a regularly conducted activity of a business"; and 3) "making the record was a regular practice of that activity." Fed. R. Evid. 803(6).

Rule 901(a) also provides that to satisfy authentication or identification of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Importantly, 'the burden to authenticate under Rule 901 is not high—only a *prima facie* showing is required,' and a 'district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation

---

[2] The other motions to suppress, which are not relevant to the present motion, were also denied.

from which the jury could reasonably find that the evidence is authentic.'" *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014) (quoting *United States v. Vidacak,* 553 F.3d 344, 349 (4th Cir. 2009)).

### III. ANALYSIS

Here, the Government is seeking a preliminary ruling that it will meet its *prima facie* burden of authenticating the Facebook account records of User Number 100001663883752 through business records certifications, together with extrinsic evidence which the Government represents will establish it is an account used by Landaverde-Giron. The Government submits Facebook records are self-authenticating under Rule 902(11). Accordingly, attached to its Motion is a Certificate of Authenticity signed by a Facebook business records custodian, which certifies that the Facebook records at issue were "made and kept by the automated systems of Facebook in the course of regularly conducted activity as a regular practice of Facebook . . . [and] were made at or near the time the information was transmitted by the Facebook user." ECF No. 200-2.

The Government argues that, through other extrinsic evidence, it has made a *prima facie* showing that the account user is Landaverde-Giron. Specifically, the Government has submitted an exhibit showing that the user name on the account is "Raul E. Giron" as well as photographs associated with the account, which appear to be self-taken pictures that are clearly of Landaverde-Giron. ECF Nos. 200-6,200-7, 200-8. The Government also asserts that a review of the conversations conducted between the account and others shows that the user is a Spanish speaker who identifies himself as "El Decente . . . from Normandie."  ECF No. 200 at 6. As detailed in the Indictment, Landaverde-Giron is alleged to be a member of the Normandie Loco Salvatruchas in Maryland and "multiple cooperating witnesses have informed investigators that

defendant Landaverde-Giron's 'gang name' was 'Decente.'" Finally, during at least two conversations, the Facebook user provides others with his telephone number—a number that investigators determined was being used by Landaverde-Giron in 2014. *Id.*

In opposing the Motion, Landaverde-Giron urges the Court to adopt the approach taken by the U.S. Court of Appeals for the Third Circuit in *United States v. Brown*, 834 F.3d 403, 420 (3d Cir. 2016). He argues that the records custodian can only confirm that the depicted communications took place or certain postings were uploaded by a certain account, not that they are connected to him. Because the Government will seek to introduce the chat logs themselves, not just the date a particular chat log occurred, the Certificate of Authenticity, Landaverde-Giron argues, is not sufficient to establish that he authorized the communications nor that he uploaded the photographs.

The Court is satisfied that the Facebook records are proper business records that meet the requirements of Rule 902(11) and may be admitted based on the accompanying Certificate of Authenticity. Though Landaverde-Giron fairly points out that this merely certifies that the postings and communications are connected with a certain account, this is not the end of the Government's submission. The Government has also provided sufficient extrinsic evidence, via biographical information, photographs, nicknames, and conversations, to show that this account is linked to Landaverde-Giron. *See Hassan*, 742 F.3d at 133, 134 (holding that Facebook records were properly authenticated where screenshots contained the defendant's user profiles, biographical information, and photographs and the account was linked to the defendant's email address via internet protocol addresses). Indeed, even the Third Circuit in *Browne* noted that "it is no less proper to consider a wide range of evidence for the authentication of social media records than it is for more traditional documentary evidence." *Browne*, 834 F.3d at 437

(concluding that the Government "provided more than adequate extrinsic evidence to support that the disputed Facebook records reflected online conversations that took place" between the defendant and others).

In sum, the Facebook records are properly authenticated and sufficiently linked to Landaverde-Giron.

## IV.    CONCLUSION

For the foregoing reasons, the Government's Motion for Pretrial Determination of Authentication of certain Facebook records is **GRANTED.**

A separate Order will **ISSUE**.

                                                               /s/

                                               **PETER J. MESSITTE**
                                       **UNITED STATES DISTRICT JUDGE**

**February 14, 2018**