IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PJM 15-0258** |
| | * | |
| **RAUL ERNESTO LANDAVERDE-GIRON** | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*

## JOINT PROPOSED VOIR DIRE

The United States of America, by and through undersigned counsel, and the defendant, through his counsel, request that the following interrogation of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure:

Ladies and Gentlemen, the case for which a jury is now being picked involves the following allegations against the defendant:

The defendant is charged with Conspiracy to Participate in a Racketeering Enterprise and the Government alleges that this conspiracy occurred between 2012 and 2016 in the District of Maryland and elsewhere. The racketeering enterprise is alleged to be La Mara Salvatrucha, also known as MS-13. Crimes alleged to have been committed in furtherance of the conspiracy include the murder of Merlin Alvarez-Garcia on or about November 30, 2013, in Frederick, Maryland.

In connection with the November 30, 2013 crime, Raul Landaverde-Giron is also charged with Conspiracy to Commit Murder in Aid of Racketeering; Murder in Aid of Racketeering; Use, Carry, Brandish and Discharge of a Firearm during and in relation to a Crime of Violence; and,

Murder Resulting from the Use of a Firearm.

    1.    Have you read or heard anything about this case or the defendant from any source whatsoever?  If so, have you formed an impression or opinion regarding this case?

    2.    Do any of you know, or have you had any dealings witH the defendant?

    3.    Do you know, or have you had any dealings with, any friends, associates or members of the family of the defendant?

    4.    Do you know, or have you had any dealings with, any of the following persons or members of their families:

    (a)    Counsel for the United States of America: Lindsay Kaplan, William Moomau or Francesca Liquori?

    (b)    Special Agents Joseph Simms or Jeff Weidenhaft of Homeland Security Investigations (HSI)?

    (c)    Counsel for the defendant: Elita Amato

    (d)    The following people who may be witnesses in the case or who may be mentioned by various witnesses: [**NOTE:** *A list of names will be provided prior to jury selection*.]

    5.    Have you, any member of your family, or any of your close friends ever been employed by the United States Department of Justice, the Prince George's County Police Department, the Prince George's County Department of Corrections, the Frederick Police Department, the Montgomery County Police Department, the Hyattsville Police Department, Department of Homeland Security, including Homeland Security Investigations (HSI) or any other law enforcement agency?

    6.    Do you know the Acting United States Attorney for the District of Maryland, Stephen M. Schenning, or any of the Assistant United States Attorneys, or any employees of the

United States Attorney's Office?

7. Do you know, or are you acquainted with, anyone who is employed in this courthouse in any capacity? If so, who is it that you know and how are you acquainted with this person?

8. Have you, any member of your immediate family, or any of your close friends ever been employed by any prosecutor's office, corrections department, probation or parole department, pretrial services department, law firm, investigative agency, or other business that provides services to persons charged or convicted of a crime?

9. Have you, any member of your immediate family, or any of your close friends ever been involved in any legal dispute with any federal, state, or local government, or any agency thereof? If so, what was the nature of the dispute? Would that experience affect your ability to act impartially in hearing this case?

10. Do you have an opinion, favorable or unfavorable, concerning the veracity or credibility of officers who are members of Homeland Security Investigations; Prince George's County Police Department, Prince George's County Department of Corrections, Frederick Police Department, Montgomery County Police Department; Hyattsville Police Department; or, any other law enforcement agency?

11. I am now going to ask a series of questions. When I finish, I will ask those who have an affirmative answer to one or more questions to stand and come to the bench. Please do not stand until all of the questions have been asked.

    a. Do any of you have any personal knowledge or experience pertaining to gangs or, gang related activity?

    b. Do you know of gang related activity in your neighborhood or the area you frequent?

    c. In this case, the Government alleges that the defendant is a member and/or associate

of La Mara Salvatrucha, also known as MS-13.

1. Have you watched any television shows or documentaries about MS-13?

2. Have you read any books, articles, or other print media about MS-13?

3. Do any of you have any other knowledge of or experience with MS-13? If yes, please form a line to discuss this at the bench.

12. In this case, the defendant is Hispanic or Latino and his family origin may be from Central America, including El Salvador. Some of the witnesses will also be Hispanic or Latino. Are any of you of Hispanic or Latino lineage or married to a person of Hispanic or Latino lineage?

13. Do you have any beliefs or attitudes about persons of Hispanic or Latino lineage that would affect your ability to fairly evaluate the evidence in this case? If yes, please form a line to discuss this at the bench.

14. Do you have any thoughts or feelings about illegal immigrants or our immigration policies that would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial? If yes, please form a line to discuss this at the bench.

15. Do you have any attitudes or feelings with regard to other racial or ethnic groups, or with regard to persons who have a different gender, national origin, or religion than you that might affect your ability to serve fairly and impartially as a juror in this case?

16. Do any of you now belong, or have you belonged to or participated in any crime prevention groups, such as neighborhood watch organizations or any other crime prevention groups?

17. Do you, any members of your family, or any of your close friends belong to any local, state or national community group or organization to combat crime or assist victims of

crime, such as the Stephanie Roper committee, Mothers Against Drunk Driving or similar organizations relating to crime prevention?

18. Do you, any members of your family, or any of your close friends belong to any group or organization that has a purpose of lobbying for more severe or lenient criminal penalties or treatment of those convicted of crimes?

19. Do any of you belong, monitor or participate in, any social media groups related to crime prevention or matters related to criminal justice whether participation is via cell phone or tablet, e-mail, text messaging, or through any blog or website, or by way of any other social networking websites, including Facebook, LinkedIn, Twitter, and/or YouTube?

20. This case will involve, in part, testimony from convicted persons who are cooperating with law enforcement in exchange for the possibility of receiving reduced sentences. The government is permitted to enter into such agreements and to present the testimony of such witnesses. Do you have any opinion about the use of informants in the investigation of crime, or the presentation of testimony from cooperating witnesses by the government, that would interfere with your ability fairly to consider the evidence presented in this case? If yes, please explain (at the bench).

21. I am now going to ask a series of questions. When I finish, I will ask those who have an affirmative answer to one or more questions to stand and come to the bench. Please do not stand until all of the questions have been asked.

    a. Have you, any member of your family, or any of your close friends ever been the victim of a crime?

    b. Have you, any member of your family, or any of your close friends ever been charged, arrested, or accused of criminal conduct or ever been the subject of a criminal

investigation?

    c. Have you, any member of your family, or any of your close friends ever been a witness to a crime?

    d. Have you, any member of your family, or any of your close friends ever been a witness for the prosecution or the defense in a criminal case?

If any of you have a "yes" answer to any or all of those questions, please stand; you will be permitted to answer up here at the bench, where other members of the panel cannot hear you.

22. Have you, anyone you know well, or any members of your family ever been investigated by any law enforcement agency, be it federal, state, or local? If any of you have a "yes" answer to this question, please stand; you will be permitted to answer at the bench.

QUESTIONS AT BENCH:

    a. How long ago?

    b. What was the nature of [your/your family member's/your friend's] experience?

    c. How was the matter resolved?

    d. How did you feel the police officers' treatment of [you/your family member/your friend]?

    e. Do you hold any grudges against the government, against the police officers, or anyone connected with the investigation?

23. Have you or any members of your family ever applied to, attended or graduated from law school, or had training or worked as a paralegal, or in any other law-related occupation? Has any member of the jury ever worked for an attorney or law office, in any capacity. If so, what was their job?

6

24. Have you ever served on a grand jury in either state or federal court? If so, did anything happen during your service as a grand juror that would influence you in any way in this case?

25. Have you ever served as a juror at the trial of a criminal case in either state or federal court? If so, in what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial? Did anything happen during your prior jury service that would influence you in any way in deciding this case? Were any of the parties to the case represented by any of the attorneys involved in this case?

26. Do you have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

27. Considering the nature of the charges against the defendant, do you have any feelings about violent crimes or the government's enforcement of such crimes that may cause you to be unable to fairly and impartially judge the evidence in this case?

28. Do you understand that some of the criminal investigative techniques portrayed in books, newspapers, movies, or TV shows—such as *CSI* or *Law and Order*—may be fictional, or unreasonable, or inapplicable, given the circumstances of a particular case? As jurors, you must make a determination based solely on the evidence presented to you here in court, and you must not use anything that you have read about or have seen on TV or the movies in reaching your decision in this case. Will you be able to do that?

29. Do you know anyone else on the panel? Would that relationship affect your ability to be fair and impartial and consider the evidence individually?

30. Do you have any reservations or opinions about prosecutors, law enforcement agents, other law enforcement personnel, defense attorneys, and/or defense investigators that

would prevent you from rendering a fair and impartial verdict in this case?

31.   During this trial, law enforcement officers may be testifying. Would you tend to give greater <u>or</u> lesser weight to the testimony of a law enforcement officer simply because he or she is a law enforcement officer?

32.   During this trial there may be witnesses offered by the defense. Would you tend to give greater <u>or</u> lesser weight to the testimony of a defense witness simply because he or she is a defense witness?

33.   Do you believe that a witness who is called as an expert is entitled to greater or lesser credence, or more or less likely to be discredited, merely because he/ she has been declared to be an expert by the court?

34.   Do any of you have any difficulty understanding the English language?

35.   Do any of you speak and understand the Spanish language? During this trial, there may be witnesses testifying in Spanish through an interpreter. Do you understand that you are to accept the interpretations offered into evidence and not your own interpretation?

36.   The defendant and some witnesses may/do not speak English fluently and they have chosen to use the assistance of a Federally Court Certified Interpreter.  Will the fact that they do not speak English fluently and need an interpreter/translator affect your ability to be an impartial jury and decide the case based solely on the evidence presented (affect your ability to impartially consider their testimony and decide the case solely on the evidence presented)?

37.   Do any of you have any feelings about the use or possession of firearms that will affect your ability to serve fairly and impartially as a juror in this case?

38.   At the end of this trial, the judge will instruct you on the law which must be followed in this case.

   a.   If you personally did not agree with the law as described by the judge,

would you hesitate to follow—or be unwilling or unable to follow—the judge's instructions on the law?

   b. If you had an opinion on what the law should be, and your opinion was different from the judge's instructions on what the law is, would you hesitate to follow—or be unwilling or unable to follow—the Judge's instructions on the law?

   c. Under our Constitution, there is a presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt. Would you have any difficulty applying this presumption?

   d. The burden rests with the prosecution to prove each and every element of an offense beyond a reasonable doubt. Under the law, a defendant in a criminal case is not required to explain his or her side of the case and has an absolute right not to testify. If a defendant decides not to testify, you will not be able to consider that fact for any purpose. Do any of you have questions about these principles or have any problem applying them?

   e. Do you realize that the burden of proof is greater for a criminal case than for a civil case? The proof to establish the guilty of any person must be beyond a reasonable doubt doubt?

   f. If you believe that the defendant in this case is in fact a gang member, but do not believe that the defendant committed the specific crimes charged in the indictment, would you have any hesitation in acquitting that defendant?

   g. I will instruct you to acquit the defendant if the government has not proven to be guilty beyond a reasonable doubt. Will any of you have trouble following this instruction if you believe the person in question is probably guilty?

  39. This case involves two defendants being tried together. I will instruct you

that you are to consider the guilt and innocence of each defendant separately. Would any of you have difficulty separating the evidence to each defendant to make an independent decision of guilt or innocence as to each defendant?

40. There may be evidence introduced in this case which pertains to only one defendant and not the other. I will instruct to you consider that evidence against only one of the defendants. Would you be able to follow that instruction?

41. It is estimated that the trial of this case will take approximately three weeks to complete, during which the Court will be in session approximately seven hours per day, Tuesday through Friday.

    a. Are there any personal, family, or other considerations that would make it difficult for you to serve as a juror in this case?

    b. Are you presently taking any medication that might make you unable to give your full attention to the evidence presented?

    c. Do you suffer from any physical condition that would prevent you from sitting as a juror for a long period of time?

    d. Do you have any impairment of your vision or hearing that may make it difficult for you to see and hear the witnesses during the trial?

42. Do you have any religious or moral beliefs that would make it difficult or impossible for you to sit in judgment of the conduct of another person?

43. Do you know of any other reason why you could not sit with absolute impartiality to both sides as a juror in this case?

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney


By:_____/s/_____
William D. Moomau
Lindsay Eyler Kaplan
Assistant United States Attorneys
Francesca Liquori
Trial Attorney, Criminal Division