IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| ) | |
| v.   ) | CRIMINAL NO.  PJM 15-288 |
| ) | |
| ) | |
| RAUL ERNESTO LANDAVERDE-GIRON,   ) | |
| Defendant   ) | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
ANY REFERNCE TO THE DEPORTATION OF CO-CONSPRIATOR**

Raul Ernesto Landaverde-Giron (the "defendant") has indicated to the Government and to this Court that he intends to introduce evidence of the deportation of co-defendant Jose Javier Salgado Machado ("Salgado-Machado"), either directly or through cross-examination of government witnesses.  Because the deportation of Salgado-Machado is not relevant to the defendant's guilt, the Government moves *in limine* to exclude any evidence or testimony relating to his deportation.

**STATEMENT OF THE CASE**

Defendant Raul Ernesto Landaverde-Giron ("the defendant") was initially charged, along with other members of *La Mara Salvatrucha* ("MS-13"), by a federal grand jury sitting in Greenbelt in a Superseding Indictment filed on July 6, 2015.  ECF 13.  On February 8, 2016 and December 5, 2016, respectively, the Grand Jury returned a Second Superseding Indictment and a Third Superseding Indictment against the defendant, as well as his co-defendant, Salgado-Machado.  ECF 44 and 105.  Count One of the Third Superseding Indictment ("the Indictment") charges four individuals, including the defendant and Salgado-Machado, with Conspiracy to

Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d) ("RICO Conspiracy"). The charges contained in the Indictment relate to the defendants' participation in MS-13.

Count One alleges that the defendant was a member and associate of the Normandie Clique of MS-13. Count One lists several overt acts committed by the defendant in furtherance of the conspiracy and on behalf of MS-13. These overt acts include, but are not limited to, murder, attempted murder, and extortion. For example, the overt acts listed in Paragraphs O through T of the Indictment describe the involvement of the defendant and Salgado-Machado in the planning, preparation, and murder of an individual identified as "Victim-7," who fled from El Salvador to the Frederick, Maryland area to escape a "greenlight," or an order to kill that had been imposed against Victim-7 by MS-13 in El Salvador.

Count Two of the Indictment charges the defendant and Salgado-Machado with Conspiracy to Commit Murder in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(5). Count Three charges the defendant and Salgado-Machado with Murder in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(1). Count Four charges the defendant and Salgado-Machado with Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). Count Five charges the defendant and Salgado-Machado with Murder Resulting from the Use, Carrying, Brandishing, and Discharging of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(j).

Salgado-Machado was deported from the United States on or about February 20, 2014, two years prior to being charged in the instant case.

## APPLICABLE LAW

Evidence is relevant when "it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 makes all relevant evidence admissible, except as otherwise provided by law, and all non-relevant evidence inadmissible. *Huddleston v. United States,* 485 U.S. 681, 687-688 (1988); *see also Sprint/United Management Co. v. Mendelsohn*, 128 S.Ct. 1140, 1147 (2008) (relevance "exists only as a relation between an item of evidence and a matter properly provable in the case") (internal citation and quotation omitted).

Relevant evidence should excluded if its probative value is substantially outweighed by matters including unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

## ARGUMENT

**I.     Salgado-Machado's deportation is not relevant to the defendant's guilt**

The defendant has failed to make a threshold showing of how Salgado-Machado's deportation, which took place close to three months after the murder that forms the basis of the substantive charges against the defendant and Salgado-Machado, and close to two years prior to the first indictment voted against Salgado-Machado, tends to make the existence of the defendant's guilt any more or less likely. Because the deportation is not a fact of consequence, it is not admissible evidence.

**II.    Even if the deportation is relevant, such evidence is unduly prejudicial and should be excluded**

The Government anticipates that the defendant will use evidence of Salgado-Machado's deportation to argue that the deportation is proof that the prosecution of the defendant is unfair. This argument would lead the jury to incorrectly infer that: (1) the decision to remove Salgado-

Machado from the country was related to the November 30, 2013 homicide; (2) the Government chose not to prosecute Salgado-Machado for his involvement in the November 30, 2013 homicide and rather decided to simply remove him from the country; (3) the Government's purported decision to remove Salgado-Machado from the country, rather than to prosecute him for the offenses named in the Indictment, is an indication that the Government's evidence relating to these charges is weak.  Such arguments would be confusing, misleading, and inaccurate.

In order to defend itself against such arguments or inferences, and for the jury to be properly informed, the Government would necessarily have to introduce evidence that is far removed from the issues of consequence to this case, including that Salgado-Machado is incarcerated in El Salvador and that the Government has submitted necessary paperwork to have him extradited to the United States to stand trial.  The necessity of presenting this evidence in order to remove the undue prejudice to the Government would lead to a "trial within a trial."

Finally, this Court will instruct the jury that it must is to reach its verdict against the defendant separately.  Just as the Government would not be allowed to introduce evidence of guilty pleas of non-cooperating RICO co-defendants who are mentioned during testimony, evidence about the deportation of Salgado-Machado and the inferences that can be raised therefrom would be contrary to this jury instruction.

For these reasons and others to be raised at a hearing on this motion, the Government moves that the defense be prohibited from introducing evidence about the deportation of Salgado-Machado.

Respectfully Submitted,

Stephen M. Schenning
Acting United States Attorney

By: _____/s/_____
    William D. Moomau
    Lindsay Eyler Kaplan
    Assistant United States Attorneys

    Francesca Liquori
    Trial Attorney
    United States Department of Justice
    Organized Crime and Gang Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of February 2018, the foregoing Motion in Limine was electronically filed and served upon defense counsel.

_____/s/_____
William D. Moomau
Assistant United States Attorney