IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.    ) | CRIMINAL NO.  PJM 15-258 |
| ) | |
| ) | |
| RAUL ERNESTO LANDAVERDE-GIRON,   ) | |
| Defendant   ) | |

**GOVERNMENT'S MOTION IN LIMINE
PURSUANT TO FEDERAL RULE OF EVIDENCE 608(b)**

The Government intends to introduce testimony from Jeffrey Putman, an officer with the Frederick Police Department, during the trial of the above-captioned defendant.  Putman will testify that he visited a store in Frederick, Maryland in order to obtain surveillance video footage in connection with a homicide that he investigated.

The Government has learned that on an occasion that took place within the last five years, Detective Putman served as a presenter at a local college.  After the presentation, upon the urging of his hosts, Detective Putman drank a beer.  Detective Putman was considered to be "on duty" at the time that he drank the beer.  He subsequently reported the incident to his supervisor, and no disciplinary action was taken.  Moreover, once in May 2001 and once in September 2003, Detective Putman was determined to be at fault after department vehicle accidents; each time, he received a documented counseling session.  Last, in February 2016, Detective Putman missed a court appearance and received a Performance Action Form.

Under Rule 608(b) of the Federal Rules of Evidence, the Court may, on cross-examination, allow specific instances of conduct on the part of a witness to be inquired into if "probative for

the character of truthfulness or untruthfulness." The incidents described in this motion are not related to the subject matter of Putman's testimony and are not probative of his character for truthfulness. The Fourth Circuit has addressed similar issues in the following cases: *United States v. Brown*, 466 Fed. Appx. 298 (4th Cir. 2012) (not published) (law enforcement departmental reprimand not related to officer's truthfulness or pending case); *United States v. Powell*, 86 Fed. Appx. 612, 614-615 (4th Cir. 2002) (not published) (Court's refusal to allow defense to cross-examine deputy sheriff about his termination was not error where personnel file of deputy contained no matters dealing with veracity); and, *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) (not error to prohibit defense from cross-examining government witness about dishonorable discharge from military service). For these and other reasons to be argued at a hearing of this matter, the Government requests that the Court prohibit the defense from inquiring about any of the four incidents described in this motion during cross-examination, as none of the incidents are probative of Putman's truthfulness or veracity.

                                          Respectfully Submitted,

                                          Stephen M. Schenning
                                          Acting United States Attorney

                                          By: _____/s/_____
                                              William D. Moomau
                                              Lindsay Eyler Kaplan
                                              Assistant United States Attorneys

                                              Francesca Liquori
                                              Trial Attorney
                                              United States Department of Justice
                                              Organized Crime and Gang Section

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of February 2018, the foregoing Motion in Limine was electronically filed and served upon defense counsel.

_____/s/_____
Francesca Liquori
Trial Attorney
United States Department of Justice
Organized Crime and Gang Section