**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| v. | )   **CRIMINAL NO.  PJM 15-258** |
| | ) |
| | ) |
| **RAUL ERNESTO LANDAVERDE-GIRON,** | ) |
| Defendant | ) |

**GOVERNMENT'S MOTION IN LIMINE-CIVIL SUIT**

The government intends to introduce testimony at trial from Matthew Dinunno of the Baltimore Police Department. On October 5, 2014, Officer Dinunno and other Baltimore police officers were tracking, via cell phone, a suspect of a murder that had been committed in Baltimore.  The officers observed two persons in the 9300 block of Piney Branch Road in Montgomery County, who were believed to be in possession of the cellular telephone being tracked.  The persons ran when police attempted to stop them and one discarded a .380 caliber handgun.  The two persons continued to run and were not apprehended or identified.  The firearm was examined by a firearms examiner, and was found to be one of the firearms used in a shooting that occurred in Hyattsville, Maryland on July 30, 2014, and one of the crimes charged in this case.

The Government learned that Officer Dinunno was a party to an earlier civil suit based upon excessive force alleged to have been used by Dinunno and another Baltimore Police officer.  The civil suit was filed on June 22, 2010.  A settlement order was entered in the case on April 12, 2011.  A copy of the case information from Maryland Judiciary is attached as Exhibit 1.

Under Rule 608(b) of the Federal Rules of Evidence, the Court may, on cross-examination, allow specific instances of conduct on the part of a witness to be inquired into if "probative for the character of truthfulness or untruthfulness."

The prior civil lawsuit against Officer Dinunno was civil, not criminal, and was apparently settled before going to trial. Further, in the present case, Officer Dinunno did not arrest or detain any person. He was assisting in the investigation of a Baltimore murder case by tracking a cellular telephone believed to be connected with the suspect. In addition, Officer Dinnuno was not involved in the investigation of the Hyattsville shooting. Finally, Officer Dinunno will not be identifying the defendant as one of the persons who fled from police and discarded the .380 caliber handgun. Given his limited testimony, the Government contends that allowing cross-examination or the introduction of evidence about the earlier civil suit "represents a distracting, collateral issue legally irrelevant" to the officer's testimony. *United States v. London*, 424 F. Supp. 556, 566 (4th Cir. 1976).

The Fourth Circuit has addressed similar issues in the following cases: *United States v. Brown*, 466 Fed. Appx. 298 (4th Cir. 2012) (not published) (law enforcement departmental reprimand not related to officer's truthfulness or pending case); *United States v. Powell*, 86 Fed. Appx. 612, 614-615 (4th Cir. 2002) (not published) (Court's refusal to allow defense to cross-examine deputy sheriff about his termination was not error where personnel file of deputy contained no matters dealing with veracity); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) (not error to prohibit defense from cross-examining government witness about dishonorable discharge from military service); and *United States v. London*, 424 F. Supp. 556, 566 (4th Cir. 1976) (not error to prohibit defense from cross examining surveillance officers

whose testimony was limited to identifying photographs and recordings about possible harassment and prejudice by the F.B.I.).

For these and other reasons to be argued at a hearing of this matter, the Government requests that the Court prohibit the defense from inquiring about the 2010 civil suit during cross-examination, because the matter is not relevant to the officer's testimony.

Respectfully Submitted,

Stephen M. Schenning
Acting United States Attorney

By: \_\_\_\_\_/s/_____
William D. Moomau
Lindsay Eyler Kaplan
Assistant United States Attorneys

Francesca Liquori
Trial Attorney
United States Department of Justice
Organized Crime and Gang Section

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of February 2018, the foregoing Motion in Limine was electronically filed and served upon defense counsel.

_____/s/_____
William D. Moomau
Assistant United States Attorney