## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| v. | : | Crim. No.: 15-cr-258-PJM-3 |
| | | |
| **RAUL ERNESTO LANDAVERDE-** | : | |
| **GIRON,** | : | |
| | | |
| Defendant. | : | |

### MEMORANDUM OPINION

Defendant Raul Ernesto Landaverde-Giron has filed a Motion for Copies of Sealed Docket Entries and Other Trial Records (ECF No. 352). The Government has filed a response in opposition (ECF No. 353), and Landaverde-Giron has filed a reply (ECF No. 357).

After reviewing the parties' submissions, the Court finds a hearing unnecessary. *See* D. Md. Local R. 105.6. For the reasons that follow, the Court will **GRANT** some of the requests in Landaverde-Giron's Motion but **DENY** others.

### BACKGROUND

On March 14, 2018, a jury found Landaverde-Giron guilty of the following crimes in relation to his membership in and activities for La Mara Salvatrucha ("MS-13"): Conspiracy to Participate in a Racketeering Enterprise (Count One), Conspiracy to Commit Murder in Aid of Racketeering (Count Two), Murder in Aid of Racketeering (Count Three), Use of a Firearm During and in Relation to Crime of Violence (Count Four), and Murder Resulting from Use of a Firearm (Count Five). *See* ECF Nos. 246 and 330. On August 17, 2018, the Court sentenced him to two life sentences plus ten years. *See* ECF No. 274.

On August 20, 2018, Landaverde-Giron appealed his convictions, sentence, and the Court's denials of his motion for a *Franks* hearing and motion to suppress. *See* ECF Nos. 330 and 277. On

1

January 11, 2022, the Fourth Circuit Court of Appeals affirmed Landaverde-Giron's convictions and sentence on all counts other than Count Four, which the Fourth Circuit found violated the Double Jeopardy Clause. *See* ECF No. 330. On remand, this Court left all Counts other than Count Four as is and vacated the conviction on Count Four, thus correcting Landaverde-Giron's sentence to two consecutive life sentences. *See* ECF Nos. 335 and 336.

On March 14, 2023, in response to his prior request, the Court appointed counsel for Landaverde-Giron in proceedings under 28 U.S.C. § 2255 and any proceedings seeking other available post-conviction remedies. *See* ECF No. 350. In the same order, the Court permitted counsel to access sealed district court material, with the exception of *ex parte* or *in camera* materials to which defense counsel did not have access during the trial proceedings. *Id.*

Since then, through counsel, Landaverde-Giron seeks by new Motion to receive sealed documents and other materials, arguing that such materials are necessary for him to fully prosecute his Section 2255 proceeding, including claims of ineffective assistance of counsel.[1]

## DISCUSSION

Landaverde-Giron requests four categories of documents and materials: (1) any documents pertaining to him and his co-defendants, (2) any documents filed with or presented to the Court pertaining to him and his co-defendants outside the ECF system, (3) jury documents, and (4) exhibits entered at trial and before the grand jury.

**I.     The Court DENIES Landaverde-Giron's request for documents related solely to co-defendants but GRANTS his requests for other available ECF documents that pertain to him.**

Landaverde-Giron argues that he should have access to sealed documents that pertain

---

[1] Shortly after filing the present Motion, Landaverde-Giron filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No.355). This Motion is hundreds of pages long and is accompanied by hundreds of exhibits.

solely to the prosecution of his co-defendants, including documents related to their arraignments, rearraignments, and sentencings. He reasons that access to these documents is necessary to determine the ineffectiveness of his counsel in comparison to the efforts of the counsel of his co-defendants, who did not receive sentences as harsh as he did. *See* ECF No. 357 at 2.[2] The Government opposes this request, asserting that Landaverde-Giron has neither moved to unseal the documents nor shown that their initial sealings were improper. *See* ECF No. 353. The Government further asserts that many of these documents, such as sentencing memoranda, contain confidential material to which Landaverde-Giron is not entitled. *Id.*

To prove ineffective assistance of counsel, Landaverde-Giron must "demonstrate that his counsel's acts or omissions were the result of unreasonable professional judgment and that counsel's performance, given all the circumstances, fell below an objective standard of reasonableness considering prevailing professional norms." *See Oken v. State,* 343 Md. 256, 283 (1996) (citing *Strickland v. Washington,* 466 U.S. 668, 689 (1984)). In assessing what the prevailing professional norms are, courts look to the basic duties of counsel, American Bar Association standards, and other broad professional norms. *See Strickland,* 466 U.S. at 686–88, 693. That said, the Court is satisfied that petitioner has no right to look to the performance of co-defendant's counsel to establish prevailing professional norms for Landaverde-Giron's claims of ineffective assistance of counsel. Since post-conviction counsel must establish that prior counsel acted inadequately solely by comparison to prevailing professional norms, the conduct of the counsel for Landaverde-Giron's co-defendants is irrelevant.

The Court further agrees with the Government that providing Landaverde-Giron access to

---

[2] In his reply, Landaverde-Giron states that because the motion is filed under seal, he will not go into detail about why the information regarding co-defendants is relevant; instead, he asserts in a conclusory manner that the information is directly relevant to his various claims of ineffective assistance of counsel. *See* ECF No. 357 at 2.

materials that solely concern his co-defendants is inappropriate and could jeopardize their interests in keeping those documents sealed. Permitting Landaverde-Giron broad access to co-defendants' records and filings could "create an unwarranted precedent, whereby criminal defendants would not have confidence that their sealed . . . private filings would remain so and that that these filings could be released for no good reason, other than for a 'fishing expedition' by counsel for another defendant." *United States v. Runyon*, No. 4:08CR16-3, 2015 WL 1548989, at \*2 (E.D. Va. Apr. 7, 2015) (finding that defendant's claim of ineffective assistance of counsel does not warrant the unsealing of co-defendant's records and filings). Accordingly, the Court **DENIES** Landaverde-Giron access to documents only pertaining to co-defendants.

However, since Exhibits ECF Nos. 15, 26, 49, 51, 88, 107, 114, 115, 141, 157, 158, 180, 188, 191, 226, 246, 271, and 286 all relate to Landaverde-Giron himself, the Court **WILL UNSEAL** those documents for the limited purpose of providing access to Landaverde-Giron's post-conviction counsel.[3] *See* ECF No. 353.

## II.   The Court DENIES Landaverde-Giron's request for copies of documents filed with or presented to the Court outside of the ECF system.

Landaverde-Giron requests recordings or other materials not in the trial record or the ECF system. *See* ECF No. 357 at 3. The Government makes no argument in response to this request.

In other contexts, the Supreme Court has recognized that "evidence outside the trial record" is often needed to support claims of ineffective assistance of counsel. *See Shinn v. Ramirez*, 142

---

[3] Though they pertain to Landaverde-Giron, ECF Nos. 178, 212, 237, and 238 **WILL NOT** be provided because they are notices of hearings, paperless orders, or minute entries, for which no associated documents are available. The same applies to the telephone conferences on March 9, 2017, March 27, 2017, and April 7, 2017, and the February 8, 2016 docket entry noting that Landaverde-Giron's indictment had been unsealed. ECF No. 247 **WILL NOT** be supplied because it contains the name of the jury foreperson. Landaverde-Giron agreed to receive ECF No. 246 instead of ECF No. 247 in his reply. *See* ECF No. 353 at 1. Accordingly, the Court **WILL GRANT** access to ECF No. 246. Further, ECF No. 184 **WILL NOT** be supplied because it is an *ex parte* filing to which Landaverde-Giron and his trial counsel were not entitled access. *See* ECF No. 350 (providing that Landaverde-Giron's post-conviction counsel cannot have access to *ex parte* or *in camera* material to which trial counsel did not have access).

S. Ct. 1718, 1737 (2022) (quoting *Martinez v. Ryan*, 566 U.S. 1, 13 (2012)). But, as at least one

District Court within the Fourth Circuit has held, post-conviction petitioners may not engage in a

"fishing expedition based on mere speculation" by making requests for information prior to

outlining their factual allegations in a habeas petition. *Orbe v. True*, 201 F. Supp. 2d 671, 677

(E.D. Va. 2002). That same court held that the scope of discovery under Habeas Rule 6 is

analogous to discovery under the Federal Rules of Civil Procedure, which requires a request to be

relevant and proportional to the needs of the case. *See id.*; Fed. R. Civ. P. 26(b)(1). In consideration

of the Federal Rules of Civil Procedure, Judges of this Court have consistently held that a request

for information may not be overly broad or vague. *See United Oil Co. v. Parts Assocs., Inc.*, 227

F.R.D. 404, 416 (D. Md. 2005); *Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL

697663, at *8 (D. Md. Feb. 21, 2017).

Landaverde-Giron does not indicate how or why his request for all "documents filed with

or presented to the Court outside of the ECF system, including verdict forms, jury notes, and

records or other materials not in the record" is relevant to the claims presented in his Section 2255

motion or proportional to the needs of his case. *See* ECF No. 352. What is clear, however, is that

the request is unquestionably overbroad, since, by its own terms, it is limited solely by the Court's

maintenance of materials outside the ECF system or trial record. In any event, the Court cannot

grant this request because the Court does not possess any such materials. Accordingly, the Court

**DENIES** Landaverde-Giron's request for recordings or other materials not in the trial record or

the ECF system.

### III.    The Court GRANTS Landaverde-Giron's request to access and copy the master jury wheel but DENIES Landaverde-Giron's request to access other jury documents.

The Government and Landaverde-Giron disagree over the reach of the Jury Selection and

Service Act. *See* ECF No. 353 at 4; ECF No. 357. The Government argues that the statute, which

governs jury venire and selection, only permits Landaverde-Giron to physically inspect "the master wheel" in the Clerk's Office. ECF No. 353 at 5. Landaverde-Giron disagrees, saying that the statute merely governs jury venire, not documents related to the selection of the jury in his case itself. *See* ECF No. 357.

The Supreme Court has interpreted Section 1867(f) of the Jury Selection and Service Act to grant a litigant the "unqualified right to inspect jury lists" and that, without such a right, "a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *See Test v. U.S.*, 420 U.S. 28, 30 (1975). In line with this ruling, the Fourth Circuit has held that a litigant is entitled to "inspect, reproduce, and copy the master jury list" when determining "if there was a factual basis for a motion challenging the jury selection procedures." *See U.S. v. Curry*, 993 F.2d 43, 44 (4th Cir. 1993). Therefore, this Court will permit Landaverde-Giron's counsel to inspect, reproduce, and/or copy the master jury list/jury wheel.

Landaverde-Giron would not be entitled to any other jury documents under Section 1867(f) of the Jury Selection and Service Act, such as qualification and case-related questionnaires, educational pamphlets provided to the jury, strike lists, verdict forms, jury notes, and attendance reports, unless he could show that such records are "necessary" for the preparation of a claim that there has been a "substantial failure to comply" with the Act. *See e.g., U.S. v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987); *United States v. Fitzgerald*, No. CR 1:17-CV-00506, 2021 WL 5882569, at *2 (D. Md. Dec. 13, 2021).

Landaverde-Giron argues that such information is necessary for him to "pursue claims of ineffective assistance related to the selection of the jury in this case." ECF No. 357 at 4. But in all this, Landaverde-Giron does not argue that the Jury Selection and Service Act has been violated, much less has he demonstrated that these records are "necessary" to prepare a claim that there was

6

a "substantial failure to comply" with the Act. *See id.* It is virtually impossible to imagine how this sensitive information could aid his case. Therefore, the Court **DENIES** Landaverde-Giron's motion to access any jury documents other than the jury lists. *See United States v. Fitzgerald*, No. CR 1:17-CV-00506, 2021 WL 5882569, at *2 (D. Md. Dec. 13, 2021) (holding that a statement that the jury selection was invalid, without a valid explanation, is not sufficient to establish that more jury information is "necessary" for a claim that there has been a "substantial failure to comply" with the Act).

### IV. The Court GRANTS Landaverde-Giron's request for exhibits entered at trial insofar as they are still available but DENIES his request for exhibits entered before the grand jury.

Landaverde-Giron has requested copies of all exhibits submitted at trial that are in the Court's possession. *See* ECF No. 352 at 1. The Government suggests that all trial exhibits were previously returned by the Court to the parties. *See* ECF No. 353 at 6; ECF No. 248. While the Court understands that most, if not all, of the trial exhibits related to Landaverde-Giron's prosecution are not in its possession, it nonetheless **GRANTS** Landaverde-Giron's request insofar as those exhibits are in fact still held by the Court and are available.

. Landaverde-Giron has also requested copies of all exhibits entered before the grand jury. *See* ECF No. 352 at 1. The Government opposes this request on the basis that the Court does not maintain grand jury exhibits. *See* ECF No. 353 at 6. The Court **DENIES** this request.

It is "well recognized that secrecy is a hallmark of a grand jury's core function," such that the party requesting the material must establish a strong showing of need before disclosure is permitted. *Cruse v. Blackburn*, No. CV 3:17-00485, 2017 WL 3065217, at *1 (S.D.W. Va. July 19, 2017).

Here, Landaverde-Giron states only that the grand jury exhibits are necessary for his counsel to review his case for representation in his federal habeas proceedings. *See* ECF No. 352

at 1. He makes no effort to demonstrate necessity beyond that hollow conclusory statement, and does not explain how grand jury exhibits could even begin to demonstrate any ineffectiveness on behalf of his counsel, a proposition the Court finds all the more curious because defense counsel himself is not permitted to participate in grand jury proceedings.

In short, in the interest of maintaining the secrecy of grand jury proceedings and given Landaverde-Giron's failure to demonstrate any showing at all of the need for these materials, the Court **DENIES** Landaverde-Giron's request for exhibits entered before the grand jury. *See Cruse v. Blackburn*, No. CV 3:17-00485, 2017 WL 3065217, at *2 (S.D.W. Va. July 19, 2017) (finding that Plaintiff's request for grand jury testimony in an effort to prove false testimony was not sufficient to override the grand jury's need for secrecy).

### CONCLUSION

In conclusion, the Court will **ORDER** that:

1. Landaverde-Giron's Motion for Copies of Sealed Docket Entries and Other Trial Records is **GRANTED** in part and **DENIED** in part;

2. Access to the following is **GRANTED** for the limited purpose of providing access to Landaverde-Giron's counsel;

    a. ECF Nos. 15, 26, 49, 51, 88, 107, 114, 115, 141, 157, 158, 180, 188, 191, 226, 246, 271, and 286;

    b. Any trial exhibits pertaining to Landaverde-Giron, insofar as they are still available and possessed by the Court; and

    c. The master jury wheel, which may be inspected, reproduced, and/or copied.

3. Access to the following is **DENIED**;

    a. Documents pertaining solely to Landaverde-Giron's co-defendants;

8

b.  Any and all jury documents other than the master jury wheel; and

c.  Any and all grand jury exhibits.

October 18, 2023

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

9